Opinion by
Hurt, J.

(Transferred from Austin. J

§ 503. Citation not under seal will not support judgment by default; record must show that citation was under seal. Weiller & Son recovered a judgment by default against Block, from which judgment Block prose *450 cutes this writ of error. The error relied on for reversal is, that there was no seal to the citation. It appears by the record that the citation was attested as follows: “Witness, W. D. Paden, Clerk of the County Court of Milam County. Given under my hand and seal of office at Cameron, this the 31st day of January, A. D. 1884. W. D. Paden, Clerk 0. 0. Milam County.” While the clerk states that there was a seal to the citation, the transcript fails to show the fact that there was. There is neither a copy of the seal nor a scroll in place thereof in the transcript. To support the judgment by default, the citation must have been authenticated by the seal of the court, and this authentication must appear affirmatively in the record, and will not be presumed. This writ of error is 'for the purpose of correcting errors in the court below, and is a direct proceeding for that purpose, not collateral to any question involved in the case, and therefore the cases of Earle v. Thomas, 14 Tex. 583, and Glenn v. Ashcraft, 4 Tex. Law Review, 14, are not applicable.
December 10, 1884.
Reversed and remanded.